UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kyle B. Zwack,                                         Civil No. 06-3959 (JMR/FLN)

        Petitioner,

  v.                                                     **REPORT AND RECOMMENDATION**

United States of America,

        Respondent.

_____

Kyle D. White, Esq., for Petitioner.
David J. MacLaughlin, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the

Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1].  Respondent filed

a response in opposition to Petitioner's petition [#8].  The matter was referred to the undersigned

for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons

which follow, this Court recommends that the petition be denied.

## I. BACKGROUND

In 1986, Petitioner was involved in a shoot-out in Texas with local police and federal law

enforcement agents with the Bureau of Alcohol, Tobacco and Firearms.  (Declaration of Theresa

Villarreal (hereinafter "Villarreal Decl.") Ex. 3 at 4.)  On March 4, 1987, as a result of this incident,

Petitioner Kyle B. Zwack was convicted in a Texas state court for attempted capital murder of a

police officer and was sentenced to 45 years in the Texas Department of Corrections.  Petitioner was

subsequently indicted in the United States District Court, Southern District of Texas, for three

separate crimes related to the same shoot-out.[1]  Petitioner thereafter represented himself in a jury trial and was convicted on all three counts.  On December 19, 1988, Petitioner was sentenced by United States District Court Judge James DeAnda in the Southern District of Texas to a total of 17 years in prison, to be served consecutively with the Texas state court's sentence of 45 years. Petitioner appealed his federal convictions on December 22, 1988, and on November 22, 1989, the Fifth Circuit Court of Appeals entered an order affirming Petitioner's conviction.  *See United States v. Zwack*, 891 F.2d 903 (5th Cir.1989) (unpublished table decision).  Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.  The 90 day period for filing a petition for writ of certiorari expired on February 20, 1990; therefore, Petitioner's judgment and conviction became final on February 20, 1990.

Petitioner has now served and completed his state court sentence, and has been in federal custody since March 11, 2004.  (Pet. at ¶ VIII.)  Petitioner is currently serving his federal sentence at the Federal Medical Center in Rochester, Minnesota (hereinafter "FMC-Rochester").

On February 25, 2004, Petitioner filed a writ of *coram nobis* pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Texas, challenging the validity of his 1986 state court conviction and the validity of his 1988 federal court conviction.  (Villarreal Decl. Ex. 2.)  On March 11, 2004, the district court denied and dismissed the petition with prejudice after finding that *coram nobis* relief was not available to Petitioner because Petitioner remained in federal custody at the time, and also because Petitioner failed to show compelling circumstances which

---

[1] Petitioner was charged with three counts:  Count I- Assaulting a federal officer with a deadly weapon in violation of 18 U.S.C. § 111; Count II- Use of a deadly weapon during commission of a crime of violence in violation of 18 U.S.C. § 924(c); and Count III- Felon in possession of a firearm in violation of 18 U.S.C. § 1202(a)(1).

would require the extraordinary remedy of *coram nobis*. (Villarreal Decl. Ex. 3 at 7-8.) The district court noted that, even if it assumed that Petitioner's federal sentence had expired, Petitioner failed to present a sound reason for his failure to challenge his conviction previously while he was still in custody. (Villarreal Decl. Ex. 3 at 7.) The Court noted that Petitioner conceded that he did not move to vacate his federal sentence pursuant to 28 U.S.C. § 2255 and did not offer any explanation for his failure to timely mount a post conviction challenge to his federal convictions. (Villarreal Decl. Ex. 3 at 7.) The Court noted that "[a]ny suggestion that Zwack was prevented from filing a habeas corpus petition because of mental illness is unavailing. Court records reflect that Zwack has been an active litigator in the federal courts since his initial conviction [and has initiated 14 federal suits while in state custody]." (Villarreal Decl. Ex. 3 at 7 n.5.) The district court further noted that Petitioner could not circumvent the procedural requirements of 28 U.S.C. §§ 2254 and 2255 by merely labeling his petition as one brought pursuant to 28 U.S.C. § 2241. (Villarreal Decl. Ex. 3 at 8 n.6.)

On February 23, 2005, Petitioner filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Texas, Houston Division, to vacate his conviction and sentence. (Villarreal Decl. Ex. 4.) In that petition, Petitioner alleged that he was being illegally imprisoned because his waiver of his right to counsel was not made knowingly and intelligently. (Villarreal Decl. Ex. 4 at 4-7.) The Government moved to dismiss the petition on the grounds that his motion was time barred. (Villarreal Decl. Ex. 5 at 2-3.)

On October 19, 2005, United States Magistrate Judge Frances H. Stacy recommended that the § 2255 petition be denied and dismissed as time barred. (Villarreal Decl. Ex. 7 at 3-6.) Magistrate Judge Stacy noted that, according to the Antiterrorism and Effective Death Penalty Act

of 1996 (hereinafter "AEDPA"), 28 U.S.C. § 2255 now provides for a one year statute of limitations. (Villarreal Decl. Ex. 7 at 3-4.)  Magistrate Judge Stacy further noted that federal prisoners who challenged convictions of sentences that became final prior to April 24, 1996, the effective date of the AEDPA, were given one year after the effective date to file their claims for relief pursuant to 28 U.S.C. § 2255.  (Villarreal Decl. Ex. 7 at 3-4.)  Magistrate Judge Stacy noted that, since Petitioner's conviction became final on February 20, 1990, he had until April 24, 1997, to timely file a petition pursuant to § 2255.  (Villarreal Decl. Ex. 7 at 4.)  Since Petitioner did not file his § 2255 motion until February 23, 2005, Magistrate Judge Stacy concluded that Petitioner's motion was time barred unless Petitioner could show either: (1) that an alternate date for commencement of the limitations period should be applied under 28 U.S.C. § 2255(2)-(4); or (2) that the limitations period should be equitably tolled.  (Villarreal Decl. Ex. 7 at 4-5.)  Magistrate Judge Stacy noted that none of the alternate provisions for the commencement of the limitations period, as stated in 28 U.S.C. § 2255(2)-(4), applied in Petitioner's case.  (Villarreal Decl. Ex. 7 at 4-5.)  Magistrate Judge Stacy further concluded that Petitioner did not provide any basis for the Court to equitably toll the statute of limitations because no rare or exceptional circumstances existed in Petitioner's case.  (Villarreal Decl. Ex. 7 at 5-6.)

On June 30, 2006, in the same civil action, Petitioner, through his counsel Kyle D. White, filed a petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  *See United States v. Zwack*, 4:1986-cr-00309 (S.D.Tex.)  In that motion Petitioner argued that his mental illness constituted a reason for equitable tolling of the statute of limitations.  Petitioner further argued that the errors of the district court and Petitioner's mental illness required that his writ of habeas corpus be reviewed by the district court.  Finally, Petitioner argued that Minnesota Statute section 609.1055

statutorily created a constitutionally protected liberty interest for mentally ill offenders such that Petitioner should be entitled to be transferred to a supervised mental health facility instead of being incarcerated.

On July 27, 2006, both Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by his retained counsel, were dismissed by the district court for failure to comply with the statute of limitations in 28 U.S.C. § 2255. (Villarreal Decl. Ex. 8 at 2.) The district court held that Petitioner failed to show that his mental illness prevented him from filing a petition for writ of habeas corpus from 1996 to 1997; therefore, equitable tolling of the limitations period was not appropriate. (Villarreal Decl. Ex. 8 at 1-2.) The court further noted that Petitioner failed to show any entitlement to statutory tolling pursuant to 28 U.S.C. § 2255. (Villarreal Decl. Ex. 8 at 2.) The Court dismissed Petitioner's motions with prejudice and Petitioner did not appeal the ruling of the district court.

Petitioner filed the current petition for habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner advances the same arguments in support of the present petition as he did in support of his 28 U.S.C. § 2255 petition which was filed by his counsel, Kyle D. White, on June 30, 2006, in the United States District Court for the Southern District of Texas. In his current petition pursuant to § 2241, Petitioner argues that the one year limitation period required by the AEDPA should be equitably tolled due to Petitioner's severe mental illness. (Mem. at 1.) Petitioner further argues that "[t]he errors of the district court combined with the serious and persistent mental illness of the petitioner requires his writ of habeas corpus to be reviewed." (Mem. at 1.) Finally, Petitioner argues that he should be transferred to an alternative treatment program, rather than remain in prison,

because Minnesota Statute Section 609.1055 has created a constitutionally protected interest for mentally ill offenders to be placed in a supervised alternative living program rather than in prison. (Mem. at 23-25.)   The Government argues that the petition should be dismissed because it is procedurally barred.  (Mem. in Opp. at 6-8.)  In addition, the Government argues that the Petition should be dismissed because Petitioner did not receive certification from the Fifth Circuit in order to file a successive habeas corpus petition pursuant to § 2255.  (Mem. in Opp. at 8.)

## II.  DISCUSSION

### A.      The Petition is Procedurally Barred and Must be Dismissed.

28 U.S.C. § 2255 states, *inter alia*,

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. . . . A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Pursuant to 28 U.S.C. § 2244(a)

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a

court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).  According to the savings clause in 28 U.S.C. § 2255, an application for relief

shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

"It is well settled [that] a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir.2003); *see also Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir.2004).[2] "A writ of habeas corpus on behalf of a petitioner may issue under 28 U.S.C. § 2241 only if it 'appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.' " *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir.2000) (quoting 28 U.S.C. § 2255.).  Therefore, the issue before this Court is whether 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of Petitioner's conviction and sentence, such that this Court has subject matter jurisdiction over Petitioner's 28 U.S.C. § 2241 petition.

Petitioner has "the burden of demonstrating that § 2255 relief in the sentencing court would be unavailable or ineffective." *DeSimone*, 805 F.2d at 323.  In order for a Petitioner to establish that § 2255 relief in the sentencing court would be inadequate or ineffective, "more is required than

---

[2] "Generally, only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir.1986).

demonstrating that there is a procedural barrier to bringing a § 2255 motion." *Lurie*, 207 F.3d at

1077. This court has held that a § 2255 motion is not inadequate or ineffective

> merely because § 2255 relief has already been denied . . . or because petitioner has
> been denied permission to file a second or successive § 2255 motion . . . or because
> a second or successive § 2255 motion has been dismissed . . . or because petitioner
> has allowed the one year statute of limitations and/or grace period to expire.

*Id*. (citations omitted).

In the present case, Petitioner has not met his burden to prove that § 2255 relief in the

sentencing court would be unavailable or ineffective. Petitioner filed two petitions in the Southern

District of Texas pursuant to 28 U.S.C. § 2255. In the Petition filed by Petitioner's attorney,

Petitioner advanced the exact same arguments that Petitioner advances in the present § 2241 petition

in front of this Court. The Southern District of Texas dismissed both of those petitions, after

determining that Petitioner failed to comply with the statute of limitations and was not entitled to

either statutory or equitable tolling. (Villarreal Decl. Ex. 8.) Petitioner has not come forward with

any evidence to prove that § 2255 relief in the sentencing court would be inadequate or ineffective.

A § 2255 motion is not inadequate or ineffective merely because petitioner has allowed the one year

statute of limitations to expire, and since Petitioner has not met his burden to prove that a § 2255

motion is inadequate or ineffective in his case, the Court concludes that it does not have subject

matter jurisdiction over this petition.

In addition, Petitioner has not followed the dictates of § 2255, which states that

> [a] second or successive motion must be certified as provided in section 2244 by a
> panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence
> as a whole, would be sufficient to establish by clear and convincing evidence that no
> reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review
by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  28 U.S.C. § 2244 states that "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  In the present case, Petitioner has not moved the Fifth Circuit Court of Appeals for an order authorizing the District of Minnesota to consider Petitioner's application.  Therefore, this Court concludes that the petition in this case is procedurally barred by 28 U.S.C. § 2255.  As such, the Court recommends that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed with prejudice.

## III.   RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DISMISSED WITH PREJUDICE**.


DATED: February 15, 2007                    s/ *Franklin L. Noel*

                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 7, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.